37   163
127a  250

CALEB CAULKINS AND AUGUSTINE W. HILL, APPELLANTS, *v.* HENRY W. CHAMBERLAIN AND OTHERS, DEVISEES OF GEORGE CHAMBERLAIN, DECEASED, RESPONDENTS.

*Tax sale — notice to be given by a purchaser to the occupant — how it must be proved — what is proved by the comptroller's certificate — 1855, chap. 427, secs. 68, 73.*

Upon the trial of this action the plaintiff, who claimed title under a tax deed from the comptroller of the State of New York, sought to establish that he had given the notice required by section 68 of chapter 427 of 1855 to the person in occupation of the land, at the expiration of the two years allowed for redemption, by producing a certificate from the comptroller, which stated, in substance, that it appeared to the satisfaction of the comptroller that the purchaser caused such a notice as is required by article 3 of title 3 of chapter 13, part 1 of the Revised Statutes, to be duly served on the occupant of the land, naming him, and that he caused a copy of said notice, together with an affidavit of the service thereof duly certified, to be filed in the comptroller's office, and he further certified that the moneys required to redeem the land had not been paid into the treasury within the time required by law.

The plaintiff claimed that the due service of the notice was established by this certificate given by the comptroller, under section 73 of the said act, which section provides that "if the comptroller shall be satisfied by such copy and affidavit that the proper notice has been duly served, and if the moneys required to be paid for the redemption of such land shall not have been paid as hereinbefore provided, he shall under his hand and seal certify such facts, and the conveyance before made shall thereupon become absolute, and the occupant, and all others interested in said lands, shall be forever barred from all right or title thereto."

*Held,* that *it seemed* that the certificate was intended to be limited to a certification of the fact that the moneys required to be paid for the redemption had not been paid, and that it was not intended to furnish *prima facie* evidence in a litigation over a question as to the title to the lands affected that the acts required to be done by the grantee had been done.

That if the certificate required by that section was made *prima facie* evidence, in favor of the grantee and those claiming under him, of the due service of the

notice, the certificate in question was inadmissible for the reason that it did not state the facts required by the act, inasmuch as it did not appear thereby that the comptroller had inspected the copy of the notice on file in his office and the affidavit of service attached thereto, and that his certificate was based thereon.

APPEAL from a judgment, entered on the decision of the trial judge at the Cattaraugus Circuit, a jury trial having been waived.

The action was one of ejectment. The premises described in the complaint were sold for taxes levied in the years 1863, 1864 and 1865, and on the 6th day of February, 1875, the comptroller executed and delivered to the plaintiff Caulkins a deed of the same, pursuant to the sale. The plaintiff Hill claims title to an undivided part of the premises under a conveyance executed to him by Caulkins, his co-plaintiff. At the time of the expiration of the two years given for the redemption, after the execution and delivery of the deed, the plaintiff Hill was in the occupancy of a part of the premises, claiming such possession under a contract in the nature of a lease executed in June, 1865. The sale afterwards took place in September, 1871. At the time of the commencement of this action, the original defendants were in the actual possession, operating an oil well, and they claimed under those who held the title prior to the sale. The comptroller's certificate, given in evidence and referred to in the opinion, was issued on the 3d day of April, 1876, and is as follows, omitting the formal parts : " I certify that it appears to my satisfaction, that on the 8th of September, 1875, Caleb Caulkins caused such a notice as is required by article 3 of title 3 of chapter 13, part 1, of the Revised Statutes, to be duly served on Augustine W. Hill, as the occupant of the land described as follows, viz. : [Here followed a description of the premises sold by the comptroller for taxes in 1871, and conveyed by deed to the said Caleb Caulkins, on the 6th of February, 1875.] That said Caleb Caulkins caused a copy of said notice together with an affidavit of the service thereof, duly certified, to be filed in this office on the 27th day of September, 1875. And I further certify that the moneys required to redeem the same have not been paid into the treasury for that purpose."

The trial court held that the plaintiffs failed to prove the service of the notice on the occupant, as required by section 68, chapter

427 of the Laws of 1855, entitled, "An act in relation to the collection of taxes on lands of non-residents and to provide for the sale of such lands for unpaid taxes," and upon that ground dismissed the complaint upon the merits. After bringing this appeal the defendant, George Chamberlain, died and Henry W. Chamberlain *et al.* were substituted as defendants, they being his devisees of the premises.

*Hiscock, Gifford & Doheny*, for the appellants.

*D. H. Bolles*, for the respondents.

BARKER, J.:

By the fiftieth section of the act of 1855 (chap. 427), in relation to the sale of lands for the non-payment of taxes, the owner or occupant of the premises may redeem the same at any time within two years after the last day of sale. And if no redemption takes place within that time, then the comptroller is required to execute to the purchaser a conveyance of the real estate so sold, which shall vest in the grantee an absolute estate in fee simple. If, however, at the time of the expiration of the two years given for the redemption, any part of the premises are in the actual occupancy of any person, the title to the land is not complete and the deed does not become operative, unless a notice is given to the occupant, as provided in section 68 of the act of 1855. As in this case there was an occupant at that time, the validity of the deed depends upon the service of the notice as required by the section last mentioned, and the party claiming under the deed is bound to prove the performance of the act, as much as he is to prove any matter of record on which the validity of the deed might be made to depend. It forms a part of the grantee's title; it is a link in the chain which is essential to its continuity, and which it is incumbent upon him to establish. The deed itself is made presumptive evidence only of the sale, and all proceedings prior thereto, from and including the assessment of the land, and all notices required by law to be given previous to the expiration of the two years allowed to redeem were regular. But it is not, in and of itself, evidence that the acts required to be done in particular cases have been performed in pursuance of the other provisions of the act. (Sec. 65.) It is thus seen that the purchaser

takes by his deed a contingent title. Where the land is occupied, the title depends upon a condition subsequent to be performed by the purchaser. The provisions of section 68 are, that whenever the lands sold and conveyed shall, at the expiration of the two years given for the redemption thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall serve a written notice on the person occupying such land within two years from the expiration of such time to redeem, stating in substance the sale and conveyance, the person to whom made, and the amount of the consideration money mentioned in the conveyance, with the addition of thirty-seven and one-half per cent on such amount, and further the addition of the sum paid for the deed; and stating also, that unless such consideration and the said thirty-seven and one-half per cent, together with the sum paid for the deed, shall be paid into the treasury for the benefit of such grantee, within six months of the time of filing in the comptroller's office the evidence of the service of said notice, that such title will become absolute and the occupant and all others interested in the land be forever barred from all right and title thereto. This notice may be served personally or by leaving the same at the dwelling-house of the occupant with any person of suitable age and discretion belonging to his family. On this service being complete, the occupant, or any person may, at any time within the six months mentioned in such notice, redeem the land from the sale by paying the money required by section 70, and thereby the deed is canceled. By section 72 the grantee is required, within one month after service of such notice, to file with the comptroller a copy of the notice served, together with the affidavit of some person who shall be certified as credible, by the officer before whom the affidavit shall be taken, that such notice as is above required was duly served, specifying the mode of service.

On the trial the plaintiffs, for the purpose of proving that a notice in the form and of the character required, was actually served upon the occupant Hill, and a copy of the notice, together with the affidavit of the proof of service, was filed within the proper time with the comptroller, in compliance with the said provisions, relied upon the comptroller's certificate and some parol evidence on the same subject.

As we regard the parol evidence, wholly insufficient to prove service of the written notice and its contents, and that it does not aid nor give force to the comptroller's certificate, we shall consider in the first place the question whether the comptroller's certificate is competent evidence to prove the acts required to be done by the grantee, relative to the giving of notice to the occupant and proof of the service thereof. We ascertain the object and purpose of the comptroller's certificate and the form in which it should be issued by section 73, which reads, viz. : " If the comptroller shall be satisfied, by such copy and affidavit, that the proper notice has been duly served, and if the moneys required to be paid for the redemption of such land shall not have been paid as hereinbefore provided, he shall, under his hand and seal, certify such facts, and the conveyance before made shall thereupon become absolute ; and the occupant, and all others interested in said land, shall be forever barred of all right and title thereto."

What are the facts the comptroller is required to certify to ? We incline to the opinion that the certificate is intended to be limited to a certification of the fact, that the moneys required to be paid for the redemption have not been paid, a fact which the records of the comptroller's office would show, and that he is satisfied by an inspection of the copy of notice on file and the affidavit thereto attached, that the proper notice has been duly served. We are strengthened in these views by a similar provision of the Revised Statutes on the same subject, which provided : " If the comptroller shall be satisfied by such affidavit that the notice has been duly served, and if the moneys required to be paid for the redemption of such land shall not have been paid into the treasury, *he shall certify the fact*, and the conveyance before made by him shall thereupon become absolute ; and the occupant and all others interested in the said lands shall be forever barred of all right and title thereto." (Sec. 88, tit. 3, art. 3, chap. 13 [1 R. S., 413.]) By the original provision the certificate was in terms limited to stating the fact that the moneys required to pay for the redemption of the land had not been paid into the treasury. The change effected by section 73 is, that the comptroller is required to certify to certain particular facts ; whereas under the section of the Revised Statutes he was required to certify as to a particular fact,

to wit, that the moneys had not been paid into the treasury in redemption of the lands.

A certificate in compliance with the statute as it now reads, does not require the comptroller to attach to his certificate a copy of the notice on file and of the affidavit thereto attached, nor to state that the notice on file does contain the facts required to be inserted therein by section 68, nor that the affidavit was filed within the time required by section 72, nor that the officer has certified, before whom the affidavit was taken, that the person making the same was credible.

It is incredible to suppose that the legislature intended that a certificate in form in compliance with this section should be received as *prima facie* evidence, of the facts required to be done by the grantee, in a litigation over the question of title to lands. It is not declared in the section authorizing the certification to be made, nor in any other provision of the act, that the certificates may be read in evidence in support of a contention by the grantee or those claiming under him that the requirements of section 68 have been fully complied with. The certificate, when issued in proper form, would be evidence of the fact that the taxes had not been paid into the treasury, and would be *prima facie* of that fact and authorize the grantee to assert his title because there had been no redemption. And if he could prove by competent evidence that the proper notice had been served and a copy filed with an affidavit of service in due form, then he would be justified in entering into the possession of the premises, and if necessary in bringing an action to acquire possession of the lands embraced in his deed.

The service of the notice should have been proved by competent common-law evidence. It has been so held and uniformly applied in analogous cases. *Ex parte* affidavits are evidence in judicial proceedings, only as some law has declared them to be evidence, and they are not evidence of any fact stated in them unless some law makes them such. (*The People ex rel. Vogler* v. *Walsh*, 87 N. Y., 482.)

If, however, the proper construction to be given to the statute is, that the certificate is *prima facie* evidence, in favor of the grantee and those claiming under him, that the proper notice was duly served, then the certificate was properly excluded on the defendant's objection, for the reason that it was not issued in due form.

# CAULKINS *v.* CHAMBERLAIN. 169

By section 73, the comptroller must inspect both the copy of notice on file and the affidavit of service attached thereto, and base his certification upon the contents of both, and if it does not appear from the certificate that he has so inspected both, then the certificate is valueless as evidence for any purpose relative to the mode and manner of serving the notice, or as to its contents. It will be observed, on reading the certificate, that the comptroller certifies that it appears to his satisfaction that the grantee named in the deed served a notice, as required by article 3 of title 3, chapter 13 of the Revised Statutes, to be served on the occupant of the premises, and that such service was made upon the 8th day of September, 1875, and that a copy of the notice, together with the affidavit of service, was filed in his office on the 27th day of September, 1875, but that he has omitted to state in his certificate that he was so satisfied by an inspection of the copy and the affidavit on file; nor does he state that such notice and affidavit is in compliance with the provisions of the act of 1855. The contents of the notice and the time in which it is to be served, as required by the later act, are in material respects different from the notice required by the Revised Statutes. The act of 1855 is no part of the Revised Statutes and does not purport to be an amendment of any of its provisions, but is an independent enactment, many of the provisions of which are inconsistent with those statutes, and so far as they are found to be so, such former laws are repealed and so declared in the act of 1855.

The parol evidence as to the service of the notice was given by Mr. Hill himself, who stated that a notice was served on him, mentioning the place and time and by whom served, but he does not pretend to state the contents of the same.

As the plaintiffs utterly failed to establish this part of their case, the judgment of the Special Term should be affirmed, with costs.

SMITH, P. J., and BRADLEY, J., concurred; HAIGHT, J., not sitting.

Judgment affirmed, with costs.